

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                              Hon. Mark A. Goldsmith

v.

                              Case No. 22-20546

D-2 John Gibson,

         Defendant.

_____ /

# Plea Agreement

The United States of America and the defendant, John Gibson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Count of Conviction

The defendant will plead guilty to Count 1 of the superseding indictment. Count 1 charges the defendant with conspiracy to commit theft from a federally funded program, in violation of Title 18, United States Code, Sections 371 and 666(a)(1)(A).

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years. |
| | Fine: | Up to $250,000. |
| | Term of supervised release: | Up to three years. |

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the superseding indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 2, 3, and 4 of the superseding indictment which charge the defendant with theft from a federally funded program.

## 4.    Elements of Count of Conviction

The elements of Count 1 are:

1. Two or more persons conspired or agreed to commit the crime of theft from a federally funded program.

2. The defendant knowingly and voluntarily joined the conspiracy.

3. A member of the conspiracy did one of the overt acts described in the superseding indictment for the purpose of advancing or helping the conspiracy.

The elements of theft from a federally funded program are:

1. The defendant was an agent of the Wayne County Department of Public Services (i.e., a local government agency).

2. The local government agency received federal assistance (i.e., a grant, contract, subsidy, loan, or other form of federal assistance) in excess of $10,000 in a one-year period related to the theft or fraud.

3. The defendant stole, obtained by fraud, and knowingly converted property.

4. That the property stolen, obtained by fraud, and knowingly converted was in the care, custody and control of the Wayne County Department of Public Services.

5. That the value of the property stolen, obtained by fraud, and knowingly converted was at least $5,000.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From in or about January 2019, through in or about August 2021, Kevin Gunn and John Gibson, employees of the Roads Division of the Wayne County Department of Public Services (DPS), did unlawfully and knowingly conspire and agree with each other to embezzle, steal, obtain by fraud, and without authority knowingly convert property purchased by Wayne County to their own use.

Specifically, Kevin Gunn and John Gibson engaged in a scheme to defraud Wayne County by using taxpayer dollars to make unauthorized purchases of generators and other power equipment from retailers in Southeast Michigan. As part of the scheme to defraud, Kevin Gunn solicited approved Wayne County vendors (Vendors) to purchase generators and other power equipment from local retailers (Suppliers) on behalf of Wayne County. The vendors would then submit invoices for these items for payment by Wayne County.

In order to conceal the scheme to defraud, Kevin Gunn instructed the vendors to falsify the invoices they submitted to the Roads Division, and list items the vendors were authorized to sell to the county under their contracts, rather than the generators and power equipment they were unlawfully acquiring at Kevin Gunn's request. Roads Division employees would then approve and pay each vendor's invoice with taxpayer funds.

Kevin Gunn, John Gibson, and others, with knowledge that the generators and other power equipment were fraudulently acquired with Wayne County funds, would take possession of these items from the suppliers. John Gibson and others would then pay Kevin Gunn for the generators and other power equipment Kevin Gunn fraudulently acquired on behalf of Wayne County. Rather than use these items purchased with Wayne County funds for the benefit of DPS, John Gibson and others instead sold the generators and power equipment for personal profit.

## 6.  Advice of Rights

The defendant has read the superseding indictment, has discussed the charges and possible defenses with his attorney, and understands

the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.  The right to confront and cross-examine adverse witnesses at trial;

F.  The right to testify or not to testify at trial, whichever the defendant chooses;

G.  If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.  The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.  The right to compel the attendance of witnesses at trial.

## 7.   Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- 2B1.1(a)(2) – Base offense level– 6.
- (b)(1)(G) – Loss exceeded $250,000 – + 12.

The parties have no other recommendations as to the defendant's guideline calculation.

### D.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

### F.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

### G. Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), defendant agrees to forfeit to the United States all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to defendant's offense, as charged in Count One of the superseding indictment.

### 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guidelines range as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

### 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13.   **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

14.   **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on July 14, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
David A. Gardey
Chief, Public Corruption & Civil
Rights Unit
Assistant United States Attorney

_____
Eaton Brown
Assistant United States Attorney

Dated: 7/11/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Cyril Hall
Attorney for Defendant

_____
John Gibson
Defendant

Dated: